# APPLICATION OF GOODRICH
# RUSSELL v. CALHOUN, ET AL.

(No. 2007; May 18, 1937; 68 Pac. (2d) 588)

440

For the appellant, there was a brief and oral argument by *Joseph Garst* of Douglas.

For the respondents, there was a brief by *Ray E. Lee,* Attorney General, and *L. C. Sampson* of Cheyenne and *Harold I. Bacheller* of Casper, and oral arguments by *Messrs. Lee* and *Sampson.*

RINER, Justice.

The direct appeal proceeding in this case was instituted by L. J. Russell, doing business under the firm name of Russell Transportation Company, as appellant, to review a judgment of the district court of Laramie County, which upheld an order of the Public Service Commission of Wyoming made March 5, 1936, in favor of respondent, G. L. Goodrich.

It appears from the record submitted for our consideration that on April 17, 1935, Goodrich, upon an application made by him February 5, 1935, and after a hearing on April 1st following had been had thereon, was granted by the Public Service Commission aforesaid a certificate of public convenience and necessity No. 199, to operate motor vehicles for hire as a common carrier. The service thereby authorized was "to transport interstate property from the Nebraska-Wyoming State Line to Casper, Wyoming, and to, but not between intermediate points over State Highways Nos. 26, 85 and 20, and to transport over the same highways intrastate shipments from Casper to Dwyer, Wyoming, and intermediate points between Dwyer and the Nebraska-Wyoming State Line, but not between intermediate points and to transport interstate shipments from Casper and intermediate points to the Nebraska-Wyoming State Line." The amendment sought by Goodrich through his application was a change in the language of the certificate so that it would conform to the service he claimed he actually rendered.

Protests were thereafter filed with the Public Service Commission by Russell, by the Chicago, Burlington & Quincy Railroad Company and the Railway Express Agency against the allowance of the proposed amendment. Briefly, the objection of the two last named protestants was that the application did not state that the certificate of public convenience and necessity issued to the applicant did not conform to the findings of fact and the decision of the Public Service Commission con-

sequent upon the hearing in connection with which said certificate was issued, and that these protestants objected only if the amendment sought would not so conform to the findings and decision of the Commission made at that time.

The protest on the part of Russell objected that there had been no appeal from the decision of the Commission granting the certificate aforesaid and that the applicant had operated thereunder without objection or protest since the certificate's issuance; that this application was but a device in connection with another application pending before the Commission for the consolidation of individual certificates for local service and filed with said Commission by F. C. Calhoun and the said Goodrich to obtain a through service between the cities of Cheyenne and Casper, without a showing of public convenience and necessity, as required by Chapter 65, Laws of Wyoming, 1935; and that protestant, who holds a certificate authorizing through service between the cities just referred to would be injuriously affected thereby.

Goodrich interposed resistance to the allowance of a hearing by the Commission on the protests aforesaid, but his objections in that respect were overruled, and on January 27, 1936, a hearing was had and evidence presented to the Commission, both in support of the application and against it.

As already indicated, on March 5, 1936, a majority of the Commission rendered a decision directing that the amendment prayed for be granted. It was ordered therefore,

"That the applicant, G. L. Goodrich, be authorized to transport all freight originating at Casper, Glenrock, Douglas and Glendo destined to Dwyer, and all points East to the Wyoming-Nebraska State Line, where the same is intersected by Federal Highway No. 26 over Highway No. 26 over Highways Nos. 87, 85 and 26, and to transport all freight originating at Dwyer and

all points East to the Wyoming-Nebraska State Line destined for Glendo, Douglas, Glenrock and Casper.

"PROVIDED:—No intermediate operations will be attempted by the operator or permitted by the Commission between the following points:—Torrington, Lingle, Ft. Laramie and Guernsey West or Eastbound; also between Glendo, Douglas, Glenrock and Casper, in either direction."

The chairman and remaining member of the Commission dissented.

Preliminary to announcing their conclusion on the matter, those members of the Commission whose view prevailed, in the course of their survey of the facts involved, stated that:

"Mr. Goodrich and his predecessor in interest, Mr. Runnion, have for several years past been transporting commodities from the lower Platte Valley originating on Highways Nos. 26 and 85 destined to points on Highways Nos. 87 and 20 and vice versa. This operation has been open and above board and known to all, this Commission having had judicial knowledge of said operations through their reports filed in this office and other sources, although the permits and certificate issued do not technically conform to operations which have been rendered or were sought to be rendered."

The dissenting member of the Commission, after pointing out that the operations actually carried on by Goodrich as a matter of fact did not conform precisely to the written authority granted by the permits and certificate which had been issued to him, stated, what would appear to be his chief objection to the order allowing the amendment, in the following language:

"My objection to the order of the other two Commissioners in granting this amendment is that their order does not restrict the operations of the applicant to the extent that he be prohibited from accepting shipments by transfering from other motor carriers at points on his route between the Wyoming-Nebraska State Line and Dwyer Junction, inclusive, for Westward move-

ment, and that it does not prohibit the applicant from accepting shipments at points between Casper and Dwyer Junction, inclusive, to be transferred to other motor carriers at points between Dwyer Junction and Wyoming-Nebraska State Line for movement North and South."

The extent of the authority of the courts of this state to review, and on such review to interfere with the orders made by the Public Service Commission of Wyoming, is set forth in Sections 53, 54, and 55 of Chapter 65, Laws of Wyoming, 1935, which read:

Sec. 53. "The judge of said district court shall determine (1) whether the commission acted without or in excess of its authority; (2) whether the final order or decision was procured by fraud; (3) whether the decision or final order is in conformity with law; and (4) whether the final order or decision is supported by substantial evidence."

Sec. 54. "Said district court shall enter judgment confirming, modifying, or remanding such final order or decision back to the commission for further proceedings in conformity with the direction of said court."

Sec. 55. "Appeals may be taken from any judgment of said district court to the Supreme Court of the State of Wyoming in accordance with the provisions of the Code of Civil Procedure."

It is plain that in the instant case the only matter which the district court was asked to determine on the merits of this appeal from the Commission, was whether its order conformed to law and was supported by substantial evidence.

In support of his application to amend certificate 199, Goodrich in substance testified in part that his operations over the particular route involved here were: "Starting out of Casper, Glenrock, Douglas, Glendo, deliver to Dwyer, Guernsey, Ft. Laramie, Lingle, Torrington and Scottsbluff, and from Torrington, Lingle, Ft. Laramie, Guernsey to Glendo, Douglas, Glenrock and Casper, but not in between from Casper

to Glenrock or Douglas or Glendo, or any between them two points or in between"; that he could not pick up at Guernsey and deliver to Torrington, because Mr. Russell served his end of it and Mr. Calhoun served his end of it; that the operations thus described have been conducted by Goodrich since 1932, when he took the permit which was supposed to be the document authorizing this service; that he filed various reports and loading sheets, etc. with the Commission ever since he had the permit; that these documents showed what his service was; that he carried freight during that time between these points for the Russell Transportation Company, picking up their freight at Douglas for points east of Dwyer many a time; that no one ever made any objection to his operations; and that he does not propose under the amendment sought to do anything further in operations than he has been carrying on since 1932.

As we view this record, the district court was correct in adjudging that the decision of the Public Service Commission should be affirmed. There is certainly substantial evidence supporting that decision, as reviewed above. So far as the question of conformity to law is concerned, while the written authority in the form of permit and certificate he held was not in terms quite as broad as the operations he actually conducted, nevertheless these operations on the part of Goodrich appear to have been carried on with full knowledge and acquiescence on the part of the Commission. Additionally, no other carrier in the territory affected by the operations of Goodrich appears to have objected to the service he was performing, on the ground here urged, during all the period elapsing between the years 1932 and 1936. It is evident that his operations could easily have been checked against the authority he held.

The Public Service Commission found that the shippers of the Platte Valley should be furnished an outlet for their products to Casper, Glenrock, Douglas and

Glendo, while the shippers from those points should be allowed the privilege of the market at all points east of Dwyer Junction; and that the character of many of these commodities, such as dairy, poultry and farm products, required movements with as little delay as possible. Under such circumstances, the district court could hardly say, nor can we, that the Commission has acted not in accordance with law in authorizing an amendment to the Goodrich certificate, permitting him to do that which he has been doing openly with the acquiescence of all concerned.

The contention of appellant Russell that the amendment of the certificate is sought merely as a part of a plan to obtain a through route from Cheyenne to Casper by means of the proposed consolidation of the several certificates held by Mr. Goodrich and Mr. Calhoun, really rests upon the disposition of Case No. 2008, now pending here and this day decided, and may also be affected by the action of the Commission under its expressly reserved power over this matter, as hereinafter mentioned.

The dissenting member of the Commission seems to have objected in the main to the order under review on grounds relating to the discretionary scope of that order, a matter which as we view it does not concern the courts so long as there is no transgression of the positive provisions of the law.

Concluding its decision in the premises the Public Service Commission stated that it "retains continuing jurisdiction of the matters contained herein, to make such further restrictions, reservations, limitations and amendments to this certificate, as it may seem advisable in the premises. It may also cancel this certificate for good cause shown upon complaint of interested parties, or upon the Commission's own motion, without complaint, provided if complaint or protest is filed, then the Commission will fix a time and a place for a

hearing and will proceed as promptly as may be to hear and to consider any matters relative thereto."

If the Commission should at any time hereafter, upon substantial evidence, determine that the protection of the appellant or other common carriers in the territory served requires such a limitation to be attached to the certificate of Mr. Goodrich, as the dissenting member of the Commission deemed advisable and as above quoted, we see no obstacle in the way of the Commission modifying its order now under review to accomplish that result.

The judgment of the district court of Laramie County in this case is accordingly affirmed.

*Affirmed.*

BLUME, Ch. J., and KIMBALL, J., concur.